BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 WEST MYRTLE STREET, SUITE 500
BOISE, IDAHO 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

SEP 10 2020

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. **CR 20-0202 S DCN** |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | 18 U.S.C. § 981(a)(1)(C) |
| | 18 U.S.C. § 982(a)(2)(A) |
| DOUGLAS ARNOLD WOLD, | 18 U.S.C. § 1341 |
| | 18 U.S.C. § 1343 |
| Defendant. | 18 U.S.C. § 1957 |
| | 28 U.S.C. § 2461 |

The Grand Jury charges:

**GENERAL ALLEGATIONS**

1.     At all times relevant to the Indictment, the Defendant, DOUGLAS ARNOLD

WOLD, was a resident of Meridian, Idaho and was employed as a Human Resources Manager at

Fry Foods, Inc. ("Fry Foods") in Ontario, Oregon.

**INDICTMENT - 1**

2.      Fry Foods is headquartered in Tiffin, Ohio and produces a complete line of breaded and battered appetizers for food service and retail.

3.      Fry Foods has facilities in Weiser, Idaho and Ontario, Oregon, where the Defendant was employed.

4.      The Defendant owns and manages several corporate entities registered in the State of Idaho, including Wake Plates LLC, which he registered on February 13, 2020, Wake Plate Design, which he registered on June 19, 2020, and Hala Lallo Health, which he registered on July 21, 2020.

5.      The Defendant maintains personal bank accounts and business bank accounts, including accounts for Wake Plates LLC, Wake Plate Design, and Hala Lallo Health, at Banner Bank in Meridian, Idaho.

## COUNTS ONE THROUGH ELEVEN

### Wire Fraud
### 18 U.S.C. § 1343

6.      The allegations set forth in Paragraphs 1 through 5 are hereby realleged as if fully set forth herein.

7.      From an unknown date, but at least starting in May of 2020, until August of 2020, in the District of Idaho and elsewhere, the Defendant, DOUGLAS ARNOLD WOLD, knowingly devised, participated in, and intended to devise a scheme to defraud, as to material matters, Fry Foods, and to obtain money and property belonging to Fry Foods by means of materially false and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to Fry Foods.

INDICTMENT - 2

*Manner and Means*

8.      In order to further the objects and goals of the scheme, the Defendant used the following manner and means, among others:

9.      It was part of the scheme that in his capacity as Human Resources Manager, the Defendant had the ability to process payroll for employees of Fry Foods' Ontario facility.

10.      It was further part of the scheme that to process the payroll, the Defendant would submit payroll requests by email and other means to Fry Foods' accounting firm.  The accounting firm, which had access to a Fry Foods bank account, would process the requests submitted by the Defendant and issue checks payable to employees listed in the Defendant's payroll requests.

11.      It was further part of the scheme that the Defendant issued false and fraudulent payroll requests to Fry Foods' accounting firm.  Specifically, the Defendant would submit payroll requests for employees who the Defendant knew (i) never worked at Fry Foods or (ii) no longer worked at Fry Foods and for whom the Defendant knew that no wages were due.

12.      It was further part of the scheme that the Defendant would receive the fraudulent payroll checks—that is, checks issued to the employees who no longer worked at or were never employed by Fry Foods—and deposit them into his personal and business bank accounts at Banner Bank in Meridian, Idaho, including the following accounts:

| Last Four Digits of Account Number | Name on Account |
|---|---|
| 7922 | Wake Plates LLC |
| 9315 | Douglas Arnold Wold d/b/a Hala Lallo Health |
| 1328 | Douglas Arnold Wold d/b/a Wake Plate Designs |
| 6223 | K.A.M.W., Douglas Arnold Wold |

**INDICTMENT - 3**

| 6321 | T.R.M.W., Douglas Arnold Wold |
|------|-------------------------------|
| 6528 | K.J.M.W., Douglas Arnold Wold |

13.     It was further part of the scheme that the Defendant also spent proceeds of his fraud on personal items, including the 2019 Tige' R23 Speedboat and 2019 Boatmate Boat Trailer described below in Count Thirteen.

### *Executions of the Scheme*

14.     On or about the respective dates below, in the District of Idaho and elsewhere, the Defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below, each transmission constituting a separate count of this Indictment:

| COUNT | DATE | DESCRIPTION OF WIRE | RECIPIENT BANK ACCOUNT |
|-------|------|---------------------|------------------------|
| 1 | May 20, 2020 | Mobile deposit of fraudulent payroll check in the name of L.E.A. in the amount of $1,003.11 | Wake Plates LLC, account ending in 7922 |
| 2 | May 20, 2020 | Mobile deposit of fraudulent payroll check in the name of C.K.D. in the amount of $1,104.59 | Wake Plates LLC, account ending in 7922 |
| 3 | June 5, 2020 | Mobile deposit of fraudulent payroll check in the name of E.C. in the amount of $1,514.66 | Wake Plates LLC, account ending in 7922 |
| 4 | June 5, 2020 | Mobile deposit of fraudulent payroll check in the name of J.A.A. in the amount of $1,646.33 | Wake Plates LLC, account ending in 7922 |
| 5 | June 5, 2020 | Mobile deposit of fraudulent payroll check in the name of A.R.S. in the amount of $1,284.35 | Wake Plates LLC, account ending in 7922 |

**INDICTMENT - 4**

| 6 | June 19, 2020 | Mobile deposit of fraudulent payroll check in the name of Y.C.P.V. in the amount of $1,572.82 | Wake Plates LLC, account ending in 7922 |
| 7 | June 19, 2020 | Mobile deposit of fraudulent payroll check in the name of M.A.R. in the amount of $1,469.19 | Wake Plates LLC, account ending in 7922 |
| 8 | June 19, 2020 | Mobile deposit of fraudulent payroll check in the name of V.T-S. in the amount of $1,331.68 | Wake Plates LLC, account ending in 7922 |
| 9 | June 25, 2020 | Mobile deposit of fraudulent payroll check in the name of Y.H-H in the amount of $1,552.50 | Wake Plate Design, account ending in 1328 |
| 10 | June 25, 2020 | Mobile deposit of fraudulent payroll check in the name of E.C. in the amount of $1,535.70 | Wake Plate Design, account ending in 1328 |
| 11 | June 25, 2020 | Mobile deposit of fraudulent payroll check in the name of J.A.A. in the amount of $1,458.69 | Wake Plate Design, account ending in 1328 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWELVE

### Mail Fraud
### 18 U.S.C. § 1341

15.     The allegations set forth in Paragraphs 1 through 14 are hereby realleged as if fully set forth herein.

16.     From an unknown date, but at least starting in May of 2020 until August of 2020, in the District of Idaho and elsewhere, the Defendant, DOUGLAS ARNOLD WOLD, knowingly devised, participated in, and intended to devise a scheme to defraud, as to material matters, Fry Foods, and to obtain money and property belonging to Fry Foods by means of materially false

INDICTMENT - 5

and fraudulent pretenses, representations, and promises, and to misappropriate without authority money and property belonging to Fry Foods.

### *Manner and Means*

17.    In order to further the objects and goals of the scheme, the Defendant used the following manner and means, among others:

18.    It was part of the scheme that the Defendant arranged with Fry Foods to provide Covid-19 testing of its employees at Fry Foods' Weiser, Idaho location.

19.    It was further part of the scheme that the Defendant arranged for Fry Foods to pay his company, Hala Lallo Health, for the testing with the representation that Hala Lallo Health was the provider of the tests when, in fact, a different medical company provided the testing.

20.    It was further part of the scheme that the Defendant issued false and fraudulent Covid-19 testing invoice (with invoice number 20-1005) in the amount of $39,995.00 to Fry Foods at its headquarters in Tiffin, Ohio.  The invoice was false and fraudulent in that the Defendant represented to Fry Foods that the costs of the testing would be approximately $39,995.00.  The Defendant knew that the actual costs of the Covid-19 testing were materially lower than the amount the Defendant stated in the invoice.

21.    It was further part of the scheme that when Fry Foods paid the Defendant for the amount of the invoice, through a check made payable to Hala Lallo Health, the Defendant deposited the funds for his personal use and did not pay the actual provider of the Covid-19 tests.

22.    It was further part of the scheme that the Defendant spent the proceeds of his fraud on personal items, including the 2019 Tige' R23 Speedboat and 2019 Boatmate Boat Trailer described below in Count Thirteen.

**INDICTMENT - 6**

*Execution of the Scheme*

23.     On or about July 14, 2020, in the District of Idaho and elsewhere, the Defendant, for the purpose of executing the scheme described above, caused to be deposited and delivered by mail the following matter:  a check in the amount of $39,995.00 from Fry Foods, which was sent to and made payable to Hala Lallo Health at 1740 E. Fairview Avenue #1013, Meridian, ID 83642 for invoice number 20-1005.

All in violation of Title 18, United States Code, Section 1341.

## COUNT THIRTEEN

### Engaging in Monetary Transactions in
### Property Derived From Specified Unlawful Activity
### 18  U.S.C. § 1957

24.     The allegations set forth in Paragraphs 1 through 23 are hereby realleged as if fully set forth herein.

25.     On or about July 29, 2020, in the District of Idaho, the Defendant, DOUGLAS ARNOLD WOLD, did knowingly engage and attempt to engage in a monetary transaction through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, to wit: a transfer of $69,116.48 from Wake Plates LLC's account at Banner Bank to Cashiering Loan Servicing for the purpose of purchasing a 2019 Tige' R23 Speedboat (with Hull Identification Number TIX0242SD919) and a 2019 Boatmate Boat Trailer (with Vehicle Identification Number 5A7BB2322KT000147), such property having been derived from a specified unlawful activity, that is, the wire fraud and mail fraud schemes described above.

In violation of Title 18, United States Codes, Section 1957.

## CRIMINAL FORFEITURE ALLEGATIONS

### Wire Fraud and Mail Fraud Forfeiture
### 18  U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A); 28 U.S.C. § 2461

Upon conviction of the offenses alleged in Counts One through Twelve of this

Indictment, in violation of 18 U.S.C. §§ 1341 and 1343, the Defendant, DOUGLAS ARNOLD

WOLD, shall forfeit to the United States any and all property, real and personal, tangible and

intangible, consisting or derived from any proceeds the said defendant obtained directly or

indirectly as a result of the foregoing offenses.  The property to be forfeited includes, but is not

limited to, the following.


Identified Property.  Proceeds and funds derived from proceeds in various bank accounts,

including the following:

- Banner Bank account ending in 7922 for Wake Plates LLC;

- Banner Bank account ending in 9315 for Douglas Arnold Wold d/b/a Hala Lallo Health;

- Banner Bank account ending in 1328 for Douglas Arnold Wold d/b/a Wake Plate Design;

- Banner Bank account ending in 6223 for K.A.M.W. and Douglas Arnold Wold;

- Banner Bank account ending in 6321 for T.R.M.W. and Douglas Arnold Wold; and

- Banner Bank account ending in 6528 for K.J.M.W. and Douglas Arnold Wold.

Property purchased with proceeds or with funds derived from proceeds, including the

following:

- 2019 Tige' R23 Speedboat, Hull Identification Number TIX0242SD919; and

- 2019 Boatmate Boat Trailer, Vehicle Identification Number 5A7BB2322KT000147.

Unrecovered Cash Proceeds and/or Facilitating Property.  The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

Substitute Assets.  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture.  The Government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

**Money Laundering Forfeiture**
**18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c)**

Upon conviction of the offenses alleged in Count Thirteen of this Indictment, in violation of 18 U.S.C. § 1957, the Defendant, DOUGLAS ARNOLD WOLD, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real and personal, which constitutes or is derived from proceeds traceable to said violations; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any

manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

      a.     The following bank accounts:

- Banner Bank account ending in 7922 for Wake Plates LLC;

- Banner Bank account ending in 9315 for Douglas Arnold Wold d/b/a Hala Lallo Health;

- Banner Bank account ending in 1328 for Douglas Arnold Wold d/b/a Wake Plate Design;

- Banner Bank account ending in 6223 for K.A.M.W. and Douglas Arnold Wold;

- Banner Bank account ending in 6321 for T.R.M.W. and Douglas Arnold Wold; and

- Banner Bank account ending in 6528 for K.J.M.W. and Douglas Arnold Wold.

      b.     The following personal property:

- 2019 Tige' R23 Speedboat, Hull Identification Number TIX0242SD919; and

- 2019 Boatmate Boat Trailer, Vehicle Identification Number 5A7BB2322KT000147.

Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense, but based upon actions of the Defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the Government will seek forfeiture of substitute assets, "or any other property of the defendant" up

**INDICTMENT - 10**

to the value of the defendant's assets subject to forfeiture. The Government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

     a.     Cannot be located upon the exercise of due diligence;

     b.     Has been transferred or sold to, or deposited with, a third person;

     c.     Has been placed beyond the jurisdiction of the court;

     d.     Has been substantially diminished in value; or

     e.     Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 10th day of September, 2020

A TRUE BILL

*/s/ [signature on reverse]*

_____

Foreperson

BART M. DAVIS
United States Attorney
By:

Joshua D. Hurwit
Assistant United States Attorney

**INDICTMENT - 11**