UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>DOUGLAS WOLD,<br><br>           Defendant. | Case No. 1:20-CR-00202-DCN<br><br>**FINAL ORDER OF FORFEITURE** |

This matter comes before the Court on the United States' Motion for Final Order of Forfeiture. Dkt. 48.

The Court entered a Preliminary Order of Forfeiture, (Dkt. 27), of the Subject Property, and found a sufficient nexus and statutory authority, as described below. The Court incorporates its findings from the Preliminary Order of Forfeiture into this Final Order of Forfeiture.

**Subject Property:**

    A.    <u>Seized personal Property</u>:

        1. <u>Identified Property</u>. Proceeds and funds derived from proceeds in various bank accounts, including the following (amounts are approximate and at least):

        (a) Banner Bank account ending in 7922 for Wake Plates LLC containing $6,230.34;

FINAL ORDER OF FORFEITURE - 1

(b) Banner Bank account ending in 9315 for Douglas Arnold Wold d/b/a Hala Lallo Health containing $14,152.44;

(c) Banner Bank account ending in 1328 for Douglas Arnold Wold d/b/a Wake Plate Design containing $863.10;

(d) Banner Bank account ending in 6223 for K.A.M.W. and Douglas Arnold Wold containing $9,151,17;

(e) Banner Bank account ending in 6321 for T.R.M.W. and Douglas Arnold Wold containing $7,800.03;

(f) Banner Bank account ending in 6528 for K.J.M.W. and Douglas Arnold Wold containing $7,577.12;

(g) 2019 Tige' R23 Speedboat, Hull Identification Number TIX0242SD919; and

(h) 2019 Boatmate Boat Trailer, Vehicle Identification Number 5A7BB2322KT000147.

The Defendant agreed that the speedboat and trailer also constitute property involved in the money laundering offense, Count Thirteen.

**Nexus and Factual Basis for Forfeiture**

Based upon the Plea Agreement, filed April 7, 2021, the defendant admitted that the Subject Property was proceeds of his schemes, and derived from proceeds, and that the speedboat and trailer also were involved in money laundering. (ECF No. 18 at 8.) The defendant pleaded guilty to three counts of the Indictment: Count One, a violation of 18 U.S.C. § 1343, admitting that he committed wire fraud, by depositing false payroll checks

into his own bank account; Count Twelve, a violation of 18 U.S.C. § 1341, admitting that he committed mail fraud, by receiving checks by U.S. mail for false and fraudulent invoices, which he deposited into a bank account he controlled; and Count Thirteen, a violation of 18 U.S.C. § 1957, admitting money laundering by knowingly using criminally-derived proceeds to purchase the above speedboat and trailer. (ECF No. 18 at 3-5.) The Court sentenced the Defendant and entered Judgment. (Judgment, ECF No. 44, further hearings pending for restitution determination.)

### Statutory Authority

The Court's forfeiture authority for mail and wire fraud originates from 18 U.S.C. § 981(a)(1)(C) through 28 U.S.C. § 2461(c), which provides that, when imposing sentence on any person convicted of a violation of 18 U.S.C. §§ 1341 or 1343, the Court, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense. For money laundering, 18 U.S.C. § 982(a)(1) provides for forfeiture of property involved in or traceable to the money laundering offense.

### The Court's Additional Findings

The Court FINDS that the record and pleadings reflect the following.

The United States caused notice of the above-referenced forfeiture order to be published and sent in accordance with the requirements of Federal Rule of Criminal Procedure 32.2(b)(6)(A). This included publication on an official government internet site (www.forfeiture.gov). *See* Criminal Rule 32.2(b)(6)(C) and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

No claims were filed.

**The Court's Orders**

The Court therefore ORDERS the following.

The Motion for Final Order of Forfeiture (Dkt. 48) is GRANTED.

The Court directs the United States Attorney General (or a designee) to seize all of the forfeited properties described in this Order, not previously seized.

All right, title and interest to the Subject Property is hereby condemned, forfeited and vested in the United States. No claim of interest in said property shall exist in any other person or entity. Said property shall be disposed of according to law.

All parties herein shall bear their own costs and fees.

DATED: January 6, 2022

David C. Nye
Chief U.S. District Court Judge