RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
**WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, ID  83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413
Email:  Bill.Humphries@usdoj.gov

    Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>DOUGLAS WOLD,<br><br>    Defendant. | Case No.  1:20-cr-00202-DCN<br><br>**GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT** |

    The United States of America, by and through Rafael M. Gonzalez, Jr., United States Attorney, and the undersigned Assistant United States Attorney, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), and the common law right to offset, requests the Court to enter an order authorizing the Bureau of Prisons ("BOP") to deliver to the Clerk of the Court funds held in the inmate trust account for the above-named defendant as payment towards the criminal monetary penalties imposed in this case.  In support of this motion, the United States states the following:

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST
ACCOUNT – 1

1. The defendant, Douglas Wold, was found guilty (based on pleading guilty) of Wire Fraud, Mail Fraud, and Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity in violation of 18 U.S.C. §§ 1343, 1341, and 1957.  ECF No. 44.

2. On December 1, 2021, this Court sentenced the defendant to a total of 41 months imprisonment, 3 years of supervised release, a $300.00 special assessment fee, and restitution of $123,347.00.  ECF No. 44.

3. The defendant has not paid any amount toward his monetary penalties.  Thus, there is a balance of monetary penalties as of January 20, 2022, of $123,647.00.

4. The defendant remains in custody at FDC SeaTac.  His anticipated release date is August 9, 2023.[1]

5. The U.S. Attorney's Office recently found out that the defendant maintains substantial funds in his inmate trust account maintained by BOP.  BOP recently held in its custody approximately $3,156.27 belonging to the defendant.  By this motion, the United States seeks entry of an order authorizing BOP to turn over funds to the Clerk of the Court as payment towards the defendant's outstanding criminal monetary penalties.

6. Title 18, United States Code, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including criminal restitution, fines, and assessments. *See* 18 U.S.C. §§ 3013(b) and 3613(a).  Section 3613 provides that a sentence imposing restitution constitutes a lien in favor of the government against all of the defendant's property and rights to property. 18 U.S.C. § 3613(c); s*ee also* 18 U.S.C. §§ 3613(a) and (f) (government enforces restitution against all property and rights to property of the defendant).

---

[1] https://www.bop.gov/inmateloc/index.jsp

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT – 2

Thus, the United States' lien attaches to the defendant's interest in funds held by BOP in his inmate trust account.

7. In addition, the Mandatory Victims Restitution Act requires that the defendant's resources received from any source during his term of incarceration must be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) states:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). *See also United States v. Cunningham, et al.,* 866 F. Supp.2d 1050, 1061-62 (S.D. Iowa 2012) (entire amount of defendant's disability retirement payments could be garnished while defendant was incarcerated as necessary and appropriate to effectuate § 3664(n) and the fine order).

8. An order authorizing the transfer of the defendant's funds is appropriate here, and the United States is not required to rely upon other formal collection remedies, such as garnishment of or execution upon property, to obtain these funds. The funds at issue are currently in the United States' possession, and it has a valid lien over the funds.

9. Because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Accordingly, the defendant cannot properly claim that the funds held in his inmate trust account are exempt from payment of his restitution.

10. When filing this motion, the appointed attorneys for the defendant will automatically receive a copy of this motion through ECF/PACER. The United States is not aware of any other party who may claim an interest in the funds.

GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT – 3

11. The requested relief is reasonable and appropriate. In this instance, the defendant has accumulated significant funds in his inmate trust account that can be used to pay his Court-ordered restitution. Without the requested relief, the defendant may have access to these funds, and he may have the opportunity to dissipate, conceal, or transfer the funds without first paying his restitution.

12. The defendant will be in custody for a substantial amount of time. He was convicted of serious offenses and ordered to pay a special assessment and restitution. Without this order, the United States may expend additional resources to collect the debt although the defendant could pay a significant portion of his balance through the funds held in his inmate trust account. Accordingly, the United States requests that the Court grant this motion and order BOP to turn over all funds currently held in the defendant's inmate trust account, not to exceed $123,647.00, to the Clerk of the Court to pay his monetary obligation(s).

WHEREFORE, for the reasons explained above, the United States requests that the Court grant its motion.

Respectfully submitted this 20th day of January, 2022.

RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
By

/s/_____
WILLIAM M. HUMPHRIES
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2022, the foregoing **GOVERNMENT'S MOTION TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Nicole Owens
nicole_owens@fd.org
*Defense Attorney*

Craig Durham
chd@fergusondurham.com
*Defense Attorney*

/s/_____
Fran Broughton
Financial Litigation Technician